NOT DESIGNATED FOR PUBLICATION

No. 119,567

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER J. ULERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed February 15, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Tyler J. Ulery appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Ulery's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the revocation of Ulery's probation. After review, we find no abuse of discretion on the part of the district court and affirm.

As part of a plea agreement with the State, Ulery pled guilty to three counts of burglary, all felonies, one count of felony theft, and three counts of misdemeanor theft. In exchange for his plea, the State agreed to recommend that Ulery be sentenced to the mid

1

number in the appropriate sentencing guidelines grid box for each of the felony counts and to 12 months in the county jail for each of the misdemeanor counts, all sentences be run concurrent, and Ulery be placed on probation. At his sentencing on November 9, 2017, Ulery was sentenced to six months in prison for each felony count and six months in the county jail for each misdemeanor count. The district court ordered the sentences be served concurrent for a total term of incarceration of 6 months in prison then granted Ulery probation from these sentences for a period of 12 months.

However, even before Ulery reported to probation, he began to commit new crimes. The State filed a probation warrant on December 11, 2017, alleging, among other things, that Ulery had failed to report to probation and had committed new crimes. These actions resulted in Ulery being charged with possession of methamphetamine, a drug felony, in a new case. As part of another plea deal with the State, Ulery pled guilty to that charge. On March 9, 2018, the district court sentenced Ulery in his new case and held a probation violation hearing for the present case. The district court sentenced Ulery in the new case and placed him on probation. In the present case, the district court imposed a two-day jail sanction and reinstated his probation.

About a month later, on April 9, 2018, the State again sought to revoke Ulery's probation, this time alleging, among other things, that he had committed numerous new crimes in Kingman County while on probation. Ulery ultimately was charged in Kingman County and pled guilty to theft and interference with law enforcement. At his probation violation hearing on May 10, 2018, Ulery admitted to committing new crimes while on probation. In light of Ulery's admissions, the district court described Ulery's performance on probation as a "colossal failure," revoked his probation, and ordered that he serve his underlying sentence.

On appeal, Ulery argues the district court erred in revoking his probation and imposing his underlying prison sentence. Once a violation has been established, the

2

decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Ulery bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716 requires the district court to impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is if the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, it is undisputed by the parties that Ulery violated the terms of his probation by committing new crimes. Thus, the district court was entitled to revoke his probation and impose his underlying prison sentence. Given what the district court described as Ulery's "colossal failure" on probation, Ulery fails to persuade us that *no* reasonable person would have taken the view of the district court. Thus, we conclude the district court did not abuse its discretion.

Affirmed.

3